DENNIS, Circuit Judge,
concurring:
I concur in the majority’s opinion except as to its dicta questioning the vitality of Watson v. Shell Oil Co., 979 F.2d 1014 (5th Cir.1992), in light of Amchem Products v. Windsor, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), and its “progeny.” Majority Op. 556.
This circuit has affirmed and relied upon Watson’s holding following Amchem. Steering Comm. v. Exxon Mobil Corp., 461 F.3d 598, 603 (5th Cir.2006) (“[I]t is theoretically possible to satisfy the predominance and superiority requirements of Rule 23(b)(3) in a mass tort or mass accident class action, a proposition this court has already accepted.” (citing Watson, 979 F.2d at 1022-23)); id. (“This court has likewise approved mass tort or mass accident class actions when the district court was able to rely on a manageable trial plan — including bifurcation and/or subclasses — proposed by counsel.” (citing Watson, 979 F.2d at 1017-18 & n. 9, 1024)); Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 623, 628 (5th Cir.1999) (affirming class certification in a case alleging that the casino “improperly maintained [its] air-conditioning and ventilating system” resulting in the plaintiffs’ injuries and citing Watson as supporting the *558 court’s conclusion that Rule 23(b)(3)’s superiority requirement was satisfied).
Likewise, other circuits continue to positively cite Watson. See, e.g., Chiang v. Veneman, 385 F.3d 256, 273 (3d Cir.2004) (citing Watson, 979 F.2d at 1022, for its description of Rule 23(b)(3)’s predominance requirement); Amati v. City of Woodstock, 176 F.3d 952, 957 (7th Cir.1999) (citing Watson as an example of how a district court may modify its “trial procedures” in order to facilitate a class action).
Moreover, numerous district courts continue to rely on Watson, particularly to determine whether class certification is proper in a mass tort action. See, e.g., Collins v. Olin Corp., 248 F.R.D. 95, 104 (D.Conn.2008) (citing Watson to support the court’s conclusion that common questions predominated in a mass tort suit); In re Methyl Tertiary Butyl Ether Prods. Hob. Litig., 241 F.R.D. 435, 447 (S.D.N.Y.2007) (citing Watson as an example of where class certification of a mass tort action would be proper even after Amchem); Presbyterian Church of Sudan v. Talisman Energy, Inc., 226 F.R.D. 456, 477 (S.D.N.Y.2005) (stating substantially the same); In re Tri-State Crematory Litig., 215 F.R.D. 660, 696 (N.D.Ga.2003) (citing Watson, 979 F.2d at 1023, as part of the court’s collection of “ample support in federal decisions for granting certification of negligence claims”); Slaven v. BP Am., Inc., 190 F.R.D. 649, 650-51, 657 (C.D.Cal. 2000) (denying, in part, a motion to decertify a class action seeking “economic damaged] as a result of [an oil] spill and/or the ensuing clean-up effort” and citing Watson, 979 F.2d at 1022, for its discussion of Rule 23(b)(3)’s superiority requirement).
Commentators also continue to cite Watson as representative of the case law on class actions. See, e.g., 1 Joseph M. McLaughlin, McLaughlin On Class Actions § 4:10 (6th ed.2010) (citing Watson, 979 F.2d at 1021-22, as an example of where “issues about the defendant’s liability may present the required common question” justifying a class action in a “ ‘mass accident’ case[]”); 3 William Rubenstein et al., Newberg on Class Actions § 9:58, at 446 (4th ed.2002) (citing Watson for the proposition that “the presence of individual issues will not bar a class action”); Edward F. Sherman, “Abandoned Claims” in Class Actions, 79 Geo. Wash. L.Rev. 483, 498-99 (2011) (citing Watson, 979 F.2d at 1018, as an example of how “[p]hased or issues trials have been adopted” to facilitate class actions).
I believe, consistent with this plethora of precedent, including controlling Fifth Circuit authority, that Watson as a source of precedential value remains strong in our circuit.